### FLORIDA REAL ESTATE COMM., et al v. PERLMUTTER, et al.

Real Estate Commission.
May 30, 1951.

W. H. Poe, George B. Carter and Gaylord C. Kenyon, all of Orlando, for plaintiffs.

Ward & Ward, Miami, for defendants.

Chairman O. P. SWOPE and Commissioner FRANK A. LEE participated in the hearings and disposition of the case.

## BY THE COMMISSION.

This case came before the commission at its regular monthly meeting on May 14, 1951 at the executive offices of the commission in Orlando, and after consideration of the pleadings, the examiner's report of the evidence and the argument of counsel, the commission finds:

Each of the defendants Julius Jay Perlmutter, Jr. (hereinafter referred to as "Perlmutter") and Julius Jay Perlmutter Associates, Inc. (hereinafter referred to as "the corporation"), is registered as a real estate broker, but at the times complained of Perlmutter was registered as a real estate salesman.

On August 7, 14 and 21, on September 4 and 11, and on October 16 and 23, all in 1949, the corporation with the knowledge and approval of Perlmutter caused to be published in the Miami Beach Sun, a newspaper of general circulation in Miami Beach, various real estate advertisements for the sale of real estate in Florida, and in each and all of the advertisements Perlmutter's name was printed in large type and the words "Associates, Inc." were printed in small type and below the words "Julius Jay Perlmutter" Perlmutter's picture was printed in relatively large size.

The form of each advertisement was of such character as to deceive or defraud investors or prospective investors in real property or interest therein by leading ordinary persons reading the advertisements to believe that Perlmutter was a real estate broker, when in fact at the time such advertisements were published he was registered as a real estate salesman.

On October 7, 1949 Perlmutter filed with the commission on a form provided by the commission an application for registration as a real estate broker. In the application is this question:

"Have you, in this state, operated, attempted to operate, or held yourself out as being entitled to operate, as a real estate broker or salesman, within one year next prior to the filing of this application, without then being the holder of a valid current registration certificate authorizing you to do so?"

Perlmutter answered the question: "No." The answer was false because he had operated as a real estate broker within the state of Florida within one year next prior to the filing of the application without then being the holder of a valid current registration certificate authorizing him to operate as a real estate broker.

In October 1948 or at some earlier date Perlmutter was instrumental in the formation of the corporate defendant. The evidence discloses that he negotiated the registration of Ronald Rose as a broker registered with the corporation and his own registration as a real estate salesman employed by the corporation.

Although Perlmutter was registered as a salesman of the corporation, the testimony of the witnesses, the documentary evidence and inferences properly drawn therefrom, clearly establish that he dominated the corporation, fixed the policies,

directed, controlled and managed the affairs of the corporation in the conduct of a real estate brokerage business in Miami Beach—and in so doing was operating as a real estate broker.

An example of such domination, in addition to the advertisements mentioned above, is the making of the lease by the corporation for the location of its offices—Perlmutter signed the lease as president although the registration records of the corporation do not show him as an officer or director of the corporation at the time. Also, a letter from the corporation signed by Hannah Perlmutter as president to Ronald Rose dated February 16, 1949 recites that the compensation of Rose as broker with the corporation shall be only on sales made by Rose. The letter was typewritten with a modification by pen—the modification was authenticated by Perlmutter's initials.

On July 1, 1949 when Perlmutter was registered as a salesman, George Feuer testified that when the Perlmutter organization took over the office at 311 Lincoln Road and several salesmen from Feuer & Eisenstein, W. I. Feuer introduced Perlmutter to the salesmen, saying: "Meet the gentleman who is going to be in charge of this office when we leave." George Feuer's commission agreement for employment by the corporation as a salesman was made by Perlmutter as representative of the corporation. Perlmutter occupied office space in the organization apart from the salesmen—space designed for occupancy by a person performing executive duties.

It is ordered that the registration of Julius Jay Perlmutter, Jr., and the registration of Julius Jay Perlmutter Associates, Inc., as real estate brokers be, and they are hereby severally suspended for a period of 6 months, the period of suspension to begin to run with the effective date of this order.

---

I certify that I served a copy of the foregoing order on the defendants' attorney by mail on May 30, 1951. M. M. Smith, Jr., secretary.

*Notice to defendants*: This order becomes final, unless appealed, 30 days after the date of mailing of the copy of the order. See sections 475.31 (3) and 475.35 (1) and 475.40, F. S. A.